UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                                          Case No. 10-33696-RBR

GEORGE G. LEVIN,                                                                 Chapter 11

      Debtor.
_____/

**(1) FINAL REPORT OF PLAN ADMINISTRATOR (2) MOTION FOR APPROVAL OF PLAN ADMINISTRATOR'S FEES AND FINAL EXPENSES; AND (3) MOTION FOR RELEASE AND DISCHARGE OF PLAN ADMINISTRATOR, RELEASE OF BOND, AND FINAL DECREE**

Philip von Kahle (the "Plan Administrator"), by and through undersigned counsel, hereby files this final report and requests approval of final expenses, release and discharge of the Plan Administrator, and the release of his bond. and represents:

**Material Events in Case**

1. On August 12, 2010, an involuntary petition was filed against George G. Levin (the "Debtor") under chapter 7 of the United States Bankruptcy Code.

2. On September 13, 2012, the Court entered an order for relief and converted the case to one under chapter 11 of the United States Bankruptcy Code.

3. On August 14, 2014, the Debtor filed the *Debtor's Fourth Amended Plan of Reorganization* [ECF No. 897] (the "Plan").

4. The Plan provided for the Debtor to retain a Plan Administrator to liquidate and distribute certain of the Debtor's property. In particular, the Plan provided for the Debtor to contribute a Plan Contribution consisting of (a) **$1,150,000** in cash; (b) membership interests in Welvie, LLC, a Missouri limited liability company; (c) partnership interests in Maple Leaf Drilling Partners, a Delaware general partnership; and (d) shares in GSL Services Corporation, a

{1316/000/00338390}

Florida corporation that was the owner of Clueless, an 80-foot Palmer Johnson motorized yacht (the "Yacht") (collectively, the "Plan Contribution Estate").

5.      The Plan was confirmed on August 25, 2014, ECF No. 907, and the Effective Date of the Plan was September 9, 2014. See Plan, ECF No. 897, p. 4 of 28.  In Paragraph 7 of its *Order Confirming Debtor's Fourth Amended Plan of Reorganization* [ECF No. 907] (the "Confirmation Order", the Court stated that the Plan Administrator was permitted to retain professionals upon approval of appropriate applications, with fees and costs to be paid by the Plan Contribution Estate *provided that* $1,000,000 be preserved for a dividend to holders of allowed Class 1 general unsecured claims.  In Paragraph 8 of its *Order Confirming Debtor's Fourth Amended Plan of Reorganization* [ECF No. 907] (the "Confirmation Order"), the Court directed the Plan Administrator to post a bond in the amount of $1,500,000.

6.      Section 10.9 of the Plan provides that,"[a]fter all distributions have bene made pursuant to the Plan, the Plan Administrator shall file a report and cause a final decree to be issued in the Chapter 11 Case by the Bankruptcy Court."

7.      On October 15, 2014, the Court appointed Philip von Kahle as Plan Administrator, provided for the Plan Administrator to be compensated under 11 U.S.C. § 326, and directed the Plan Administrator to post a surety bond in the amount of $1,150,000. *See* ECF Nos. 914 and 922

8.      On December 10, 2014, the Court approved the Plan Administrator's employment of the undersigned counsel. ECF No. 935.

9.      On April 16, 2015, the Court approved the Plan Administrator's employment and as-needed compensation of Jerry O'Hare to serve as captain of the Yacht so that the Plan Administrator could make the Yacht insurable and fit for sale.  ECF Nos. 949 and 954

10.     The number of Class 1 claims filed in this case totaled 136 and amounted to a aggregate of $373,101,380.29.  The Plan Administrator analyzed and investigated claims filed in

this case and objected to 75 of the total claims, resulting in (after litigation or settlement): (a) the modification/reduction of many of these claims; (b) the disallowance or withdrawal of 39 these claims; and (c) the reduction of the aggregate claims to $106,582,117.13

11. In addition, 36 Class 1 claims that the Plan Administrator had objected to totaled a dollar aggregate of $68,966,034.11, and thus, if fully allowed, would have been entitled to receive **64.71%** (or approximately $647,100) of the $1,000,000 Class 1 minimum distribution. *See* ECF No. 1309. The Plan Administrator resolved his objections to such claims by entering into a settlement with the holders of these claims whereby such holders would be entitled to only **21.583877%** of all Class 1 distributions ($215,838.77 of the $1,000,000 minimum Class 1 distribution), thereby benefitting the remaining holders of allowed Class 1 claims.

12. After establishing the allowed claims pool, on November 29, 2016 the Plan Administrator sought Court approval to distribute $1,000,000 *pro rata* to such allowed Class 1 unsecured claimants, and an additional $3,235.63 to the United States on account of a $3,235.63 priority tax claim, all of whom were listed on Exhibit A of the *Plan Administrator's Motion for Approval of Initial Class 1 Distribution* [ECF No. 1310] (the "Distribution Motion"). The Court approved the Distribution Motion on December 22, 2016 at ECF No. 1318.

13. As to liquidation of the Plan Contribution Estate, the Plan Administrator caused the Welvie, LLC membership interests to be transferred to Welvie, LLC in exchange for a cash payment of **$20,000** pursuant to a settlement between Robert Furr, as chapter 7 trustee for Banyon 1030-32; Welvie, LLC; Healthsynergies, LLC; and the Plan Administrator which was approved by the Court at ECF No. 1379 in Case No. 10-33691-RBR. Additionally, the Plan Administrator, after a lengthy marketing period, sold the Estate's interest in the Yacht for the gross purchase price of **$280,000**. ECF Nos. 1327 and 1334. As to remaining Plan Contribution

property, the Plan Administrator has investigated such property and determined that the partnership interests in Maple Leaf Drilling Partners and (d) the shares in GSL Services Corporation (after sale of the Yacht), have no value to the Estate.

14. Following a dispute with the Debtor and the United States Trustee as to which party is required under the confirmed Plan to file quarterly reports and pay United States Trustee Fees, the Plan Administrator agreed to file operating reports and pay the resulting United States Trustee Fees in exchange for the Debtor waiving any administrative claim relating to the Yacht. ECF Nos. 1324 and 1336.

15. On December 22, 2017, the Court approved the compensation of the undersigned counsel, for the period of October 16, 2014 through November 30, 2017, in the final amount of $107,821.64, without prejudice for the undersigned to seek a further supplemental award for time and expenses incurred since November 30, 2017 if appropriate and feasible. *See* ECF Nos. 1372 and 1378.

**The Administered Plan Contribution Estate, Request for Fees Under 11 U.S.C. § 326, and Disposition of Remaining Funds**

16. The Plan Contribution Estate administered by the Plan Administrator totals **$1,450,000**, which consists of the $1,150,000 cash Plan Contribution, the $20,000 received pursuant to a settlement between Robert Furr, as chapter 7 trustee for Banyon 1030-32; Welvie, LLC; Healthsynergies, LLC, and the $280,000 from the sale of the Yacht.

17. Aside from the $1,003,235.63 paid to holders of allowed claims, and apart from payments for the Plan Administrator's and the undersigned's fees and costs, the Plan Administrator paid, as set forth in the post-confirmation operating reports, expenses and fees in the course of his administration totaling $266,050.33. *See* Final Report attached hereto as

**Exhibit A**. Additionally, the Plan Administrator will pay $1,625.00 in quarterly United States Trustee's fees for the first quarter of 2018.[1]

18. Based on his administration of the Plan Contribution Estate, the Plan Administrator requests statutory fees in the total amount of $66,750 pursuant to 11 U.S.C. § 326. Furthermore, the Plan Administrator incurred $3,029.66 in expenses/costs as set forth in **Exhibit A2**.

19. Moreover, as detailed in **Exhibit B**, the undersigned counsel incurred and advanced significant expenses since December 1, 2017, in the total amount of $6,725.11 in serving notice of its aforementioned fee application and order granting the same on all interested parties and the entire creditor body pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6). *See* ECF Nos. 1377 and 1379. The undersigned counsel will need to serve notice, on a similar scale, of this instant Report pursuant to Rule 2002(a)(6) and anticipates a similar cost of doing so.

20. Accordingly, the Plan Administrator requests authority to pay the undersigned counsel in the amount of $9,152.74, which will constitute the remaining funds existing in the Plan Contribution Estate after payment of remaining United States Trustee fees of $1,625, and anticipated fee and costs awards to the Plan Administrator totaling $66,750 and $3,029.66, in order to ***partially*** reimburse the undersigned counsel for: (a) the $6,725.11 in costs/expenses it advanced for noticing the fee application and order at ECF Nos. 1372 and 1378 pursuant to Rule 2002(a)(6); and (b) the expenses it *will* advance for noticing this instant Report and the order thereon pursuant to Rule 2002(a)(6).

---

[1] This will bring the total United States Trustee's fees paid by the Plan Administrator to $10,725.00

{1316/000/00338390}                                                                                                           5

**Discharge of Plan Administrator, Release of Bond, and Final Decree**

21. Finally, the Plan Administrator submits that the Plan Contribution Estate has been fully administered and all payments under the Plan have been made. Section 350(a) of the Bankruptcy Code provides that the Court shall close a bankruptcy case after the estate has been fully administered. 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the Court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

22. Accordingly, the Plan Administrator requests that the Court enter a final decree after ordering that the Plan Administrator is released, as set forth below, discharged from further duties and responsibilities in this case, and that his $1,150,000 surety bond be released.

**23. As to the release, the Plan Administrator specifically requests that the Plan Administrator, individually and in his capacity as Plan Administrator, his employees, agents, attorneys, be forever released from all liability, including but not limited to all manner of actions, claims, causes of actions, suits, obligations, liabilities, damages, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, expenses, compensation, attorneys' fees, court costs, and other costs, judgments, executions, demands, and every other claim of any kind, either in law or in equity, either direct or indirect, secondary of primary, and all consequences thereof, regardless of whether such claims are known or unknown, foreseen or unforeseen, in existence currently or not yet accrued, which any entity or individual ever had, now has, hereafter can, shall, or may have against the Plan Administrator, and his employees,**

**agents, attorneys, for any action or inaction he undertook as the Plan Administrator in the above-captioned case.[2]**

WHEREFORE, the Plan Administrator respectfully requests that the Court: (a) award the Plan Administrator $66,750.00 for his services administrating the Plan Contribution Estate; (b) award the Plan Administrator his $3,029.66 in costs and expenses incurred by the Plan Administrator; (c) permit the Plan Administrator to partially reimburse the undersigned counsel $9,152.74 for the costs/expenses it advanced and will advance since December 1, 2017; (d) release and discharge the Plan Administrator; (e) release the Plan Administrator's surety bond; and (f) enter a final decree.

SHRAIBERG, LANDAU & PAGE, P.A.
Counsel to Plan Administrator
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: ependergraft@slp.law

By:  /s/ Eric Pendergraft
     Bradley S. Shraiberg
     Florida Bar No. 121622
     Eric Pendergraft
     Florida Bar No. 91927

---

[2] This language is pulled from *One South Ocean Drive 2000, Ltd. v. One Ocean Boca, LLC*, 182 So. 3d 872, 875-76 (Fla. 4th DCA 2016).

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 8, 2018, a true and correct copy of the foregoing application was served via CM/ECF upon all parties registered to receive such service.

*Eric Pendergraft*

# EXHIBIT A

# George Levin Bankruptcy Estate
# Final Report
# Case # 10-33696-RBR
# February 08, 2018

**Receipts**

| | | |
|---|---|---:|
| Refunds | $ | 7,665.00 |
| Sale of Assets | $ | 300,000.00 |
| Advance from MMA | $ | 40,229.32 |
| Turnover of Funds | $ | 1,150,000.00 |
| **Total Receipts** | **$** | **1,497,894.32** |

**Disbursements**

| | | |
|---|---|---:|
| Plan Administrators Fees | $ | - |
| Plan Administrators Costs | $ | - |
| Sales Commissions and Expenses "Clueless" | $ | 34,832.00 |
| Bank Service Fees | $ | 740.00 |
| Settlement-Agreed Distribution | $ | 215,838.77 |
| Advertising-Sale of "Clueless" | $ | 13,072.85 |
| Legal Fees & Costs | $ | 107,821.64 |
| Insurance-"Clueless" | $ | 32,589.93 |
| Repairs & Maintenance "Clueless" | $ | 138,173.50 |
| Reimburse Yacht Expenses Paid by Captain | $ | 7,249.75 |
| Repayment of MMA Advance | $ | 40,229.32 |
| Surety Bond | $ | 30,122.50 |
| U.S. Trustee Fees | $ | 9,100.00 |
| Utilities | $ | 169.80 |
| Payment to Unsecured Creditor | $ | 784,161.23 |
| Payment to Priority Creditor - IRS | $ | 3,235.63 |
| **Total Disbursements** | **$** | **1,417,336.92** |
| **Total in Bank Account** | **$** | **80,557.40** |

# EXHIBIT A 2



1883 Marina Mile Blvd.,
Suite 106
Fort Lauderdale, FL 33315
954-252-1560
954-252-2791 (Fax)

# INVOICE

Invoice Date: 02/08/18
Invoice # 020818

Re: George Levin Bankruptcy Estate

Expenses and Costs from August 2014 through October 2017.

| TOTAL | $3,029.66 |

| Date | Description | Amount |
|---|---|---:|
| 8/15/2014 | Parking Fee | 10.00 |
| 8/20/2014 | Meeting Expense | 55.05 |
| 9/3/2014 | Meeting Expense | 43.57 |
| 9/30/2014 | Postage | 250.00 |
| 10/6/2014 | FedEx | 11.17 |
| 11/25/2014 | Postage | 63.30 |
| 12/1/2014 | Parking | 10.00 |
| 12/30/2014 | Postage | 64.50 |
| 1/8/2015 | FedEx | 13.17 |
| 1/30/2015 | Postage | 2.00 |
| 3/30/2015 | Postage | 4.95 |
| 4/30/2015 | Postage | 3.20 |
| 7/30/2015 | Postage | 1.20 |
| 9/29/2015 | Postage | 138.80 |
| 10/28/2015 | Postage | 28.70 |
| 11/30/2015 | Postage | 6.50 |
| 12/29/2015 | Postage | 0.40 |
| 2/12/2016 | Preview event of boat sale | 1,435.21 |
| 2/13/2016 | Sale of Yacht expense. | 728.46 |
| 5/31/2016 | Postage | 15.30 |
| 7/1/2016 | Postage | 16.01 |
| 12/30/2016 | Postage | 5.00 |
| 2/1/2017 | Postage | 51.09 |
| 3/1/2017 | Postage | 13.98 |
| 4/28/2017 | Postage | 17.00 |
| 5/30/2017 | Postage | 28.65 |
| 7/31/2017 | Postage | 8.85 |
| 8/31/2017 | Postage | 1.40 |
| 10/31/2017 | Postage | 2.20 |
| | **Total costs** | **$3,029.66** |

# EXHIBIT B

Date: 02/08/2018     Case 10-33696-RBR    Doc 1383    Filed 02/08/18    Page 15 of 15     Page: 1

**Detail Cost Transaction File List**
SHRAIBERG, LANDAU & PAGE P.A.

| Client | Trans Date | Tmkr | H P | Tcode/ Task Code | Rate | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|
| **Client ID 1862.002 Phil Von Kahle** | | | | | | | | |
| 1862.002 | 12/15/2017 | 1 | P | 100 | | 5,873.17 | BK Attorney Services - mail out ECF No. 1372 and 1376 | 95 |
| 1862.002 | 12/22/2017 | 1 | P | 100 | | 585.54 | BK Attorney Services - mailout - ECF 1378 | 96 |
| 1862.002 | 12/29/2017 | 1 | P | 251 | 0.150 | 266.40 | Photocopy charges | 97 |
| **Total for Client ID 1862.002** | | | | | Billable | 6,725.11 | Phil Von Kahle | |
| | | | | | | | George Levin Plan Administrator | |

**GRAND TOTALS**

                                                   Billable    6,725.11